Kunkle, J.
■ The petition in substance states that the plaintiff is the owner of certain lands in Pike .township, Clark county, Ohio, upon which gravel is found in small quantities; that the defendant, pretending to act as road supervisor in said township, without any proceedings in condemnation before any body or tribunal, and against the plaintiff’s objection, and without paying or securing to be paid to plaintiff any compensation or damage, is engaged in removing gravel therefrom without the authority of law and to the great and irreparable injury of plaintiff’s lands.
*568 The .answer in substance, after admitting that plaintiff is the owner of the land in question, states that the defendant is the duly elected and qualified road supervisor of said township, in road district No. 2 of said -township, and was acting in such capacity in removing 'said gravel .at the. -time stated in the petition; that in order to make, improve and repair the public township road running -through said township near said lands it was necessary for defendant -to go upon said lands and obtain said gravel for the purpose of making, improving and repairing said road; that the property upon which the defendant ■entered at the time of the commencement of this action then was .and still is uncultivated land, not incumbered by crops, and the same is near to said road.
The plaintiff demurs to the answer on the ground that the same does not state facts sufficient to .constitute a defense to plaintiff’s petition.
The defendant road supervisor claims the right to enter upon said lands and remove gravel therefrom for the purposes stated in his answer, by virtue of the provisions of Section 4715, Revised Statutes. This section provides, in substance, that every supervisor shall open and keep in repair all public roads in his road district; and supervisors may enter upon any uncultivated or improved lands unincumbered by crops, near to or adjoining such road * * * and may take and carry away any gravel which may be necessary to make, improve or repair such road, and the -owner of such property so taken by the supervisor shall be paid a reasonable compensation therefor, to be assessed by the trustees, and said claimant for his damages may have an appeal, as hereinbefore provided for in Section 4699, Revised Statutes, and the amount found due shall be p-aid as provided in Section 4745, Revised Statutes.
Does Section 4715, Revised Statutes, create a complete procedure by which the property of the plaintiff may be taken and his damages -assessed and paid, as required by law?
If the property owner’s constitutional rights have been protected, then his property may be taken; if they have not, it can not be so taken.
Section 4715, Revised Statutes, provides that the property *569 owner may appeal from -the award assessed by the trustees, in the manner provided in Section 4699, Revised Statutes.
Section 4699, Revised Statutes, provides, in substance, that every claimant of ✓ compensation and damages may appeal to the probate court from tbe final decision of the township trustees confirming the assessment of compensation and damages, which appeal shall be perfected and docketed as provided in Section 4690, Revised Statutes.
Section 4690, Revised -Statutes, provides that within ten days after the filing -of -the appeal bond or the making -of an entry for an -appeal, the auditor shall transmit to the probate court the original papers in the proceeding -and a certified transcript, upon the receipt of which the probate judge shall forthwith docket the proceedings -and set a day for the hearing thereof.
When must the appeal bond referred to in Section 4690, Revised Statutes, he given? In what amount shall such appeal bond be given? Section 4715,'Revised Statutes, does not attempt to fix any of -these details, hut refers to Section 4699, Revised Statutes.
Section 4699, Revised Statutes, refers to Section 4690, Revised Statutes. Neither Section 4690, Revised Statutes, nor Section 4699, Revised Statutes, fixes the time within whi-ch such appeal bond shall he given, nor the amount of the appeal bond to be given, and therefore the Legislature has failed to provide a complete method by which the property owner may perfect his appeal in the probate court, and have the amount -of his damages assessed by a jury, as provided by the Constitution.
If Section 4715, Revised Statutes, had referred to Section 4697, Revised Statutes, and Section 4699, Revised Statutes, instead of Section 4699, Revised Statutes, alone, then we think a complete mode of appeal would have been provided.
Section 4697, Revised Statutes, provides, in substance, how an appeal may be perfected from the final decision of the township trustees, the amount of the bond to be given by the appellant, and the -time within which such bond shall be given.
None of the sections above quoted refer in any manner to Section 4697, Revised Statutes. If Section 4699, Revised Statutes, *570 read that an appeal might be perfected as hereinbefore in this chapter provided, then the provisions of Section 4697, Revised Statutes, would be applicable. - Section 4699, Revised Statutes, however, merely provides that an appeal shall be perfected and docketed in -the manner hereinbefore prescribed in Section 4690, Revised Statutes, thus limiting the reference to the provisions of that chapter to Section 4690, Revised Statutes, which section does not 'cover the defects suggested.
Are we warranted in finding that the Legislature meant to refer to Sections 4690, 4697, Revised Statutes, when the reference is expressly limited to Section 4690, Revised Statutes ?
The case of King v. Cemetery Ass’n, 67 O. S., 240, is similar to the case at bar. The Legislature attempted to confer upon cemetery associations the right to acquire property by condemnation for certain purposes. The act provided that an appeal might be taken in the manner provided in Chapter 4, Title 6, of the Revised Statutes of Ohio. It was claimed in -that case that through mistake .the section read Chapter 4, Title 6, when it was apparent that the Legislature meant Chapter 4, Title 7.
The Supreme Court, on page 244 of this report, say: “The intent, of the Legislature is determined from what it says, and if its language is clear and ambiguous the courts have no authority to change it, ’ ’ and held that the act in question was invalid.
In the case of Slingluff v. Weaver, 66 O. S., 621, the Supreme Court say:
“The question is not what did the’General Assembly intend to enact, but what is the meaning of that which it did enact? That body should be held to mean what it has plainly expressed, and hence no room is left for construction.”
Our Supreme Court has also reached the same conclusion in the ease of Hough v. Manufacturing Co., 66 Ohio St., 427.
If the Legislature has failed to provide an appeal from the award of the trustees, so that the plaintiff may have her damages assessed by a jury, as required by Article I, Section 19, of the Constitution, then the statutory provisions, under which the defendant is assuming to act, are invalid. Hendershot v. State, 44 Ohio St., 208, which case involves a constniction of *571 Section 4715, Revised Statutes, prior to its amendment; Reckner v. Warner, 22 Ohio St., 275; Lamb v. Lane, 4 Ohio St., 167.
Bowman & Bowman, for plaintiff.
J. L. Zimmerman, for defendant.
Sections 1482, 1483, 1484, Revised Statutes, provide a complete plan by which the township trustees may acquire this land by condemnation, if they are unable to agree with the owner as to the compensation to be paid, but the township trustees are not attempting to proceed under these sections to condemn this land.
It is a well settled rule that, when public authorities seek to take private property from an individual, the law will be strictly construed in favor of the property owner.
Counsel for the" defendant claims 'that road supervisors have, for many years, acquired the necessary gravel to make and repair public roads by virtue of the provisions of Section 4715, Revised Statutes, and that to deprive 'them of the right to quickly appropriate the necessary materials will greatly embarrass them in the work of repairing .the public roads. This may be true, but the suggestion does not assist in determining the legal question involved. This suggestion should be addressed to the Legislature, rather than to the .courts.
The demurrer of the plaintiff to the answer of the defendant will be sustained.